# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

FILED
2012 JUN 18 PM 3 57
U.S. DISTRICT COURT
NEW HAVEN, CT

Ozzie Gooding III,
Plaintiff,

v.

Case No. 3:12-cv-905 (AWT)
(To be supplied by the Court)

~~Securitas~~ Security Service USA, Inc. & Nicole Fredricks.
Defendant(s).

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

1. Plaintiff resides at the following location: 117 Brownell ST New Haven CT, 06511

2. Defendant(s) reside(s) at the following location [Attach additional sheets if more space is required]: A) 4330 Park Terrace Drive, West Lake Village, CA, 91361 ~~B) 2 Campus Drive, Parsippany, NJ 07054~~ O.G. 321 Research Parkway Meriden CT 06

3. This action is brought pursuant to [Check all spaces that apply to the type of claim(s) you wish to assert against the Defendant(s)]:

_✓_ Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., for employment discrimination on the basis of race, color, religion, sex, or national origin. Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000e-5(f). Equitable and other relief is sought under 42 U.S.C. § 2000e-5(g) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

___ Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq., for employment discrimination based upon age. Jurisdiction is alleged pursuant to 28 U.S.C. §§ 1331, 1337, and/or 1343. Equitable and other relief is sought under 29 U.S.C. §§ 626(b) and (c) or §§ 633a(b) and (c).

My Year of Birth is: ________________.

___ Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, et seq., for employment discrimination on the basis of a disability against an employer which constitutes a program or activity receiving Federal financial assistance. Jurisdiction is asserted under 28 U.S.C. §§ 1331, 1337 and/or 1343. Equitable and other relief is sought under 29 U.S.C. § 794a.

___ Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq., for employment discrimination on the basis of a disability against a private employer. Jurisdiction is specifically conferred on this Court by 42 U.S.C.§ 2000e-5(f). See 42 U.S.C. § 12117(a). Equitable and other relief is sought pursuant to 42 U.S.C. § 2000e-5(g). Id.

4. List **all** cases you have filed in this court in the last ten (10) years. Use additional sheets if necessary:

I have not filed any cases in this district court, only in State and small claims court.

5. The acts complained of in this suit concern [Check all spaces that are applicable to your claim(s)]:

(A) _____ Failure to hire me. I was refused a job on the following date(s): N/A.

(B) ✓ Termination of my employment. I was terminated from my employment on the following date: May 2010.

(C) _____ Failure to promote me. I was refused a promotion on the following date(s): N/A.

(D) _____ Other acts as specified below:

6. The conduct of the Defendant(s) was discriminatory because it was based upon: race [✓], color [ ], religion [ ], sex [ ], age [ ], national origin [ ] or disability [ ]. [Please check all applicable bases for your claim of discrimination and explain further, if necessary]: See attached complaint.

7. The facts surrounding my claim of employment discrimination are as follows [Attach additional sheets, if necessary]:

See attached complaint.

*8. The approximate number of persons who are employed by the Defendant employer I am suing is: 2.

9. The alleged discrimination occurred on or about the following date(s) or time period: See attached complaint.

10. I filed charges with the:

✓ Equal Employment Opportunity Commission

___ Connecticut Commission on Human Rights and Opportunities

11. The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter **(copy attached)**, which I received on or about the following date: 3/18/12.

[**NOTE:** If you filed charges with the EEOC or the CHRO, you **MUST** attach a copy of the Notice of Right to Sue letter for this Court to consider your claim(s). Failure to do so may result in delaying consideration of your claim(s).]

12. The EEOC or the CHRO determined that there was no probable cause to believe that discrimination occurred. My reasons for questioning that determination are as follows [Attach additional sheets, if necessary]: ______________

______________________________________________

______________________________________________

______________________________________________

13. If relief is not granted, I will be irreparably denied rights secured under the law(s) referred to in Item Number 3, above.

14. WHEREFORE, Plaintiff(s) pray(s) that:

The Court grant such relief as may be deemed appropriate, including [**NOTE:** While all of the forms of relief listed below may not be available in a particular action, you should place a check next to each form of relief you seek.):

___ Injunctive orders (specify the type of injunctive relief sought): ______________

______________________________________________;

✓ Backpay;

___ Reinstatement to my former position;

✓ Monetary damages (specify the type(s) of monetary damages sought): __

_______________________________________________;

___ Other (specify the nature of any additional relief sought, not otherwise provided for on this form): See complaint attached

_______________________________________________;

AND costs and attorneys' fees.

**JURY DEMAND**

I hereby DO _____ DO NOT _____ demand a trial by jury.

O.G.

[signature]
Original signature of attorney (if any)

______________________
Printed Name

______________________

______________________

( )______________________
Attorney's full address and telephone

______________________
Email address if available

[signature]
**Plaintiff's Original Signature**

Ozzie Gooding
Printed Name

117 Brownell ST
New Haven CT
(860) 800-0165
Plaintiff's full address and telephone

Goodingozzie@yahoo.com
Email address if available

Dated: 6/15/2012

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at ______________________________ on ______________________________.
(location) (date)

______________________________________

**Plaintiff's Original Signature**

(Rev. 9/24/08)

**Ozzie Gooding 111** : **United States District Court**

3:12-cv-905 AWT

**V.S** : **New Haven CT**

**Securitas Security Services USA, Inc.** : **June, 15, 2012**

**Nicole Fredricks**

# Employment Discrimination Complaint

Around October 6, 2009 I called Nicole Fredricks, the Human Resources Manager for Securitas USA New Haven, and informed her that an employee (Glen Washington) informed me that another employee (Jordan Brown) was calling me a "nigger" behind my back. Jordan Brown is a person who I know for a fact does not like me. He and I had several disputes in the past, in which he has expressed his hatred towards me.

While speaking with Nicole, I expressed how upsetting it was to hear these disturbing things were being said about me. She replied, "That's considered hearsay." Technically that is considered hearsay, but if Mrs. Fredricks would have spoken with Glen Washington and if he confirmed that Jordan was calling me a "nigger" behind my back, then it would not be considered hearsay. However, Nicole refused to speak with Glen about the comments and she refused to conduct an investigation. Nicole replied, "I do not believe that he would say something like that, I know that Jordan isn't a racist, he always comes into the office with a black kid."

There were other incidents in which I repeatedly hear Jordan use the word "nigger" and other racial epithets such as "chink" and "spick." I also told how another employee heard Jordan making racist remarks. I reported all of this information to Nicole, but she did not investigate the matter. Upon finishing my conversation with Nicole Fredricks, it became clear that she condones with this type of behavior.

In July of 2009, the company also discriminated against me by wrongfully suspending me for an argument that took place between Jordan and me. The incident started when Jordan drew an offensive/racist drawing of the security staff working at Anthem, on the board. For example, I was depicted as a little black girl, wearing a dress. I was offended because I'm a male, not a female, and it was racist because my skin color was depicted in black marker, but my skin is not black. The other African-Americans in the drawing were also depicted in a similar racist and offensive manner. Besides me, other employees thought the drawing was inappropriate.

In fact, I protested the suspension. I filed a verbal complaint over the phone with Bill Miller (Branch Manager of Securitas New Haven). I spoke with him about the incident that took place on July 5, 2009 and about other incidents leading up to that point. Bill decided to back Nicole on her decision to suspend me. Also, on the Suspension and Consoling form I wrote that I did not agree with the suspension.

The company did not have a lawful reason to suspend me. I was a model employee, compared to Jordan Brown. For example, a harassment complaint was filed against Jordan by an African-American Anthem Associate; he left work without permission on several occasions, invited unauthorized persons into the building to hang out, falsely accused two African-American employees of consuming alcohol while working, and so forth. In every incident dealing with Jordan harassing an African-American individual, the company has turned a blind eye to the issue. This is because Securitas display's racial bias towards minorities.

On the other hand, I have always done my job effectively, without any conflicts at work. When I expressed this to Nicole Fredricks, she yelled at me stating, "Past incidents do not matter." Nicole also stated that she did not want to hear about the incident any more, if I mention it again then I would be terminated. The July 5th incident could have been avoided if Nicole

would have taken proper disciplinary action against Jordan, prior to this incident. I should not have been suspended from work because I was subjected to racist forms of harassment for months, and so forth. There is only so much mental and emotional abuse one can take before reaching their breaking point.

On or around November 22, 2009 I suffered a work related injury, which resulted in me taking a medical leave of absence. For a period of two weeks, I was being treated by a Physician at Hill Health Care (urgent treatment department). My injury required more extension treatment than the urgent care department could provide for me. As a result, I sought treatment under Dr. Barone. I was under Doctor Barone care for 4 months.81

My doctor released me to go back to work around March 4, 2010. Following my release, I promptly called Nicole Fredricks to inform her that my doctor released me to go back to work, and that I would be available to work that weekend. She replied, "I'm not sure that you can return to work this weekend....you may have to be placed at a different site." Nicole told me that she would get back to me on the decision.

A couple of weeks later, Nicole told me that I would not be able to return to the Anthem site and that she would find out if there were any other work sites available. It took her another two weeks to call me back. Nicole informed me that the Pfizer site needed a security officer. From what Nicole told me, the Pfizer site was not going to start me off with $11.25. I was going to be earning $10.60, my current pay rate before taking a medical leave. After 90 days, I would be eligible for a pay increase of .65 cents only if Pfizer was satisfied with my work performance.

Before I could start working at that site, I had to be certified in First Aid & CPR. The next training date was scheduled for April, 24, 2010. After I completed the training, I had to complete 24 hours of training at Pfizer. At that time, I was a full-time college student at Gateway

Community college, and I attended college Monday thru Thursday. The only time I was available to train during the week was on Friday. I wanted to do my 24 hours of training on the weekend. However, the site supervisor of Pfizer (Ken) refused to train me on the weekend. He would not allow any other employee to train me.

By the way, when I was hired by Securitas, the company knew I was a full-time college student, and that I was not always available during the weekday. That's why the company trained me on the weekend, when I was working at the Anthem location. I was only hired to work part-time weekends, not weekdays.

Therefore, Ken and I agreed that I would train only on Fridays. I completed one week of training, on April 30, 2010. The next week, I called Ken to discuss my work schedule. During our conversation, Ken stated that he was not going to wait for me to complete my training. After I got off of the phone with Ken, I called Nicole and told her what happened. Nicole told me that she would get back to me. Following that conversation, I called Nicole several times, but she never called me back.

The company voluntarily ceased (fired/laid me off) contact with me. That is why the department of labor ruled that Securitas had to pay me unemployment compensation for six months. I received about $113.00 in weekly unemployment compensation benefits for the six months, which was $56 less per week than the wages I earned as a Securitas employee. Since Securitas terminated my employment, I would like to be compensated for all of my loss wages from May 2010 until this matter is resolved by the court.

Securitas violated State and Federal laws by racially discriminating against me. I was subjected to disparaging treatment because of my race (African-American). The company acted with malicious intensions. Working for Securitas left me in emotional turmoil, which required

me to seek aid from a therapist. Therefore, I am requesting that the court awards me punitive damages for my emotional aguish, retroactive wages, and payment for the racial discrimination that I suffered at the hands of Securitas in a sum of a $100,000.

Ozzie Gooding 111
117 Brownell ST
New Haven CT
06511

Dear Larry Sanders (Director of the EEOC):

I am displeased with the manner in which you and the investigating officer (Susan Boscia) have conducted my racial discrimination case. For example, Susan Boscia issued my right to sue letter in an unprofessional manner. She failed to certify the letter before placing it in the mail, automatically assuming that I would receive the letter. However, I did not receive the letter, which is why I called her on March 16, 2012 to acquire information on why it was taking so long to process the right to sue letter. Ms. Boscia informed me that the letter was sent out on January 31, 2012. At that time, I informed her that I had not received the letter. Ms. Boscia agreed to reissue the letter to me. Two days later, I received the letter. According to the Title V11 Civil Right/Discrimination Act, I am given a maximum of 90 days to file a law suit in court from the date that I received the right to sue letter. Since I did not receive the letter until mid-March, technically under the law, I have until mid-June to file my law suit in court. When we spoke around mid-April, I discussed all of this information with you. I notified you that Ms. Boscia failed to certify the letter.

Upon receiving my case file, I became alarmed to discover that there are not any notations included in my file stating that I've contacted Susan Boscia on March 16, 2012 to express that I did not receive the first right to suit letter, which was supposedly sent out on January 31, 2012. I was disappointed to find out that neither you nor Susan Boscia included the correct date on the reissued right to sue letter. After realizing this, I immediately contacted the EEOC office to express my concerns. On June 5, 2012 I spoke with Kenneth (Susan Boscia superior officer) about the situation. I told Kenneth that I am concern that my law suit may be dismissed from court due to the fact that the right to sue letter is dated January 31, 2012. Therefore, the court may assume that I received the letter in a timely fashion around January 31, 2012, and conclude that my 90 days has expired, even though it has not. Kenneth suggested that when I file my law suit in court that I thoroughly explain the circumstances to the judge, and he stated that there is a possibility that my law suit may not get dismissed; the judge will render a verdict on the case. Therefore, if my racial discrimination law suit is dismissed because the EEOC failed to issue me an accurately dated right to sue letter, then I will hold the responsible parties legally liable, and take the appropriate recourse that I am allowed under the law.

Yours truly

Ozzie Gooding